**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

FADA BEREUS,

Petitioner,

v.

DAVID VENTURELLA, *in his official capacity as Acting Director of United States Immigration and Customs Enforcement*, et al.,

Respondents.

Case No. 1:26-CV-1151

Judge Michael R. Barrett

**ORDER**

This matter is before the Court on the Petition for a Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2241, filed by Fada Bereus. (Doc. 1). Respondents have filed a Return and Response in Opposition. (Doc. 7).

Petitioner, a native and citizen of Haiti, entered the United States in September 2019. As Respondents acknowledge, Petitioner "arrived in the United States at a designated port of entry, applied for admission to the United States, and was paroled into the United States by immigration officials for humanitarian reasons." (*Id.*, PageID 62). Petitioner holds a valid work authorization and his application for asylum remains pending. (Doc. 1, PageID 5). However, contrary to the Court's repeated holdings, Respondents continue to argue that "Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A)" and his due process claim is likewise without merit. (Doc. 7, PageID 62).

The undersigned has already resolved these questions by finding that, "[a]lthough *Lopez-Campos* involved noncitizens who entered [the country] without inspection, that factual difference does not answer the statutory question at issue." *Calixte v. Putra*, ___ F.Supp.3d ___, No. 1:26-CV-1015, 2026 U.S. Dist. LEXIS 242317, at *5 (S.D. Ohio Oct. 16, 2026). Here, just as in *Calixte* and countless other cases, 28 U.S.C. § 1226(a) "govern[s] the detention of a previously paroled noncitizen arrested in the interior," and the expiration of parole "does not . . . by operation of law, subject [a petitioner] to mandatory detention under [28 U.S.C.] § 1225(b)(2)(A) following a subsequent arrest in the interior." *Id.*, at *6.[1]

Petitioner has no criminal record; he was arrested and detained by Immigration and Customs Enforcement ("ICE") without a warrant and has been held in custody for three months. Petitioner has twice been denied the opportunity for a constitutionally adequate bond hearing, and his ongoing detention is both statutorily and constitutionally impermissible. While the Court has, in the past, typically ordered such violations to be cured with constitutionally compliant bond hearings before an IJ, it is now abundantly clear that absent a direct order from the undersigned or another District Judge, noncitizens are highly unlikely to receive the relief to which they are entitled in immigration court.

Finally, Respondents argue that Petitioner is not entitled to obtain habeas relief here because he has failed to exhaust his administrative remedies. Although Plaintiff's appeal of the IJ's October decision to the Board of Immigration Appeals

[1] The Court also finds, for the reason it has previously, that mandatory detention under these circumstances violates Petitioner's due process rights under the Fifth Amendment. *See, e.g.*, *Calixte*, 2026 U.S. Dist. LEXIS 242317, at *6-8.

("BIA") is still pending, the Court sees no reason enforce the prudential jurisdictional bar found in 8 U.S.C. § 1252(d)(1). Exhaustion would be futile because the result of Petitioner's appeal "is nearly a foregone conclusion under *Matter of Yajure Hurtado*." *Puga v. Assistant Field Off. Dir.*, No. 25-24535-CIV, 2025 U.S. Dist. LEXIS 203222, at *7 (S.D. Fla. Oct. 15, 2025). And even if the BIA took the exceedingly unlikely step of reversing its position on mandatory detention, neither the IJ nor the BIA would address the constitutional wrongs stemming from Petitioner's unlawful arrest and continued detention. *See, e.g.*, *Gavela-Gomez v. Mullin*, No. 26cv5532, 2026 U.S. Dist. LEXIS 261060, at *4-5 (S.D. Cal. Nov. 13, 2026).

Thus, in accordance with the Court's broad discretion "to dispose of habeas corpus matters 'as law and justice require,'" *Hilton v. Braunskill*, 481 U.S. 770, 775 (1987) (quoting 28 U.S.C. § 2243), the Petition for a Writ of Habeas Corpus is **GRANTED**.[2] Respondents are **ORDERED** to **immediately release** Petitioner from custody subject only to the conditions of supervision, if any, that existed prior to Petitioner's arrest.

Respondents **SHALL** file a status report with the Court on or before November 23, 2026, to certify compliance with this Order. Furthermore, Respondents are **ENJOINED** from re-detaining Petitioner, absent exigent circumstances, without first providing notice and a pre-deprivation hearing.

**IT IS SO ORDERED.**

*/s/ Michael R. Barrett*
Michael R. Barrett
United States District Judge

[2] As a result, the Motion to Dismiss filed by Respondent Fisher, (Doc. 5), is **DENIED** as moot.